**UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| In re: | § | Case No. 24-10532-smr |
| | § | |
| P3 PURE LLC, | § | Chapter 11, Subchapter V |
| | § | |
| Debtor. | § | |

**MOTION TO VALUE LIEN ON PERSONAL PROPERTY**
**HELD BY MONTGOMERY CAPITAL PARTNERS III, LP**

**THIS NOTICE REFERS TO A PLEADINGS THAT REQUESTS RELIEF WHICH MAY BE ADVERSE TO YOUR INTEREST.**

**IF NO TIMELY RESPONSE IS FILED WITHIN TWENTY-ONE DAYS (21) DAYS FROM THE DATE OF SERVICE, THE RELIEF REQUESTED HEREIN MAY BE GRANTED WITHOUT A HEARING BEING HELD.**

**A TIMELY FILED RESPONSE IS NECESSARY FOR A HEARING TO BE HELD.**

**TO THE HONORABLE SHAD M. ROBINSON, UNITED STATES BANKRUPTCY JUDGE:**

Comes now P3 Pure LLC (the "Debtor" and/or "P3 Pure"), as Debtor-in-Possession in this Chapter 11 Subchapter V case and requests the entry of an order under 11 U.S.C. § 506(a), Federal Rules of Bankruptcy Procedure 3012(a), and Local Rule 3012 to value lien on personal property held by Montgomery Capital Partners III, LP ("MCP") and in support states:

1

**PROCEDURAL POSTURE**

1.      On May 13, 2024 ("Petition Date"), Debtor filed a voluntary petition for relief under chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101-1532 ("Bankruptcy Code") and is now operating its business as a Debtor-In-Possession. Debtor continues to manage and operate its business as Debtor-In-Possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code.

2.      On May 15, 2024, the Office of the United States Trustee (the "OUST") appointed Eric Terry as the Subchapter V Trustee in this Bankruptcy Case under section 1183(a) of the Bankruptcy Code. The first meeting of creditors pursuant to Section 341 of the Bankruptcy Code took place on June 11, 2024.

3.      On June 4, 2024, Debtor filed its Schedules and Statement of Financial Affairs [ECF No. 32].

4.      On June 14, 2024, MCP filed Motion for Relief from Stay, and Declaration of Carlos Lacayo, in support [ECF Nos. 51 and 52]. The Motion for Relief from Stay was subsequently withdrawn [ECF No. 80].

**FACTUAL BACKGROUND**

5.      On or about November 3, 2020, in an effort to stabilize its business, Debtor obtained a high interest loan from Montgomery Capital Partners III, LP. A true and correct copy of the Loan Authorization Agreement (the "Loan Agreement") is attached as **Exhibit A** to the Declaration of Amy Perez. Under the terms of the Loan Agreement, Debtor received a loan in the aggregate principal Loan Amount of $900,000.00 at an interest rate of 16% per annum. Thereafter, on or about February 5, 2021, the Loan was increased by $475, 000.00 to $1,375,000.00. The MCP Loan

77145906;4

is secured by a blanket pledge of all of Debtor's assets. MCP's collateral consists of Debtor's: accounts, inventory, equipment, general intangibles, equipment, and trademarks.

6.       More particularly described, on a pre-petition basis, Debtor's assets consists of those set forth in Schedule A/B, and on a post-petition basis Debtor's assets are set forth in **Exhibit B** to the Declaration of Amy Perez.

7.       As set forth in greater in **Exhibit B** to the Perez Declaration, as of the Petition Date, the value of the personal property collateral of MCP was $142,102.00. At the end of the month preceding the filing of this Motion, the value of the personal property collateral of MCP was $154,358.00 as determined by the replacement value, the historical collection rate, and good will of the business of Debtor. In relevant part, the aggregate total for MCP's collateral value on a pre-petition basis, consists of: $31,966.00 from cash on hand, $25,889.00, from accounts receivables, $70,666.00, from inventory, and $13,581.00 in finished goods, held by Amazon. As of June 30, 2024, MCP's collateral consisted of: $26,475.00 in cash, $57,851.00, in accounts receivables, $56,451.00, in inventory, and $13,581.00, in finished goods, held by Amazon. Accordingly, as of June 30, 2024, MCP's collateral amounts to $154,358.00.

8.       Therefore, considering that at the time of the filing of this case, MCP's Collateral was valued at $142,102.00, based on the value of the Collateral and other filed liens, MCP's line must be valued at $142,102.00, and in no event is the value of the line near, on in excess of a million dollars. Attached as **Exhibit C** to the Amy Perez Declaration a list of creditors and their respective priorities according to filed UCC-1 financing statements. Attached as **Exhibit C** is a copy of all the Financing Statements listing the Debtor.

77145906;4

**RELIEF REQUESTED**

9.      Pursuant to 11 U.S.C. § 506, Bankruptcy Rule 3012, and Local Rule 3012-1, Debtor seeks to value personal property securing the claim of MCP.

10.      Section 506(a), defines the limits of a claim's secured status, provides:

An allowed claim of a creditor secured by a lien on property in which the estate has an interest, or that is subject to setoff under section 553 of this title, is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property, or to the extent of the amount subject to setoff, as the case may be, and is an unsecured claim to the extent that the value of such creditor's interest or the amount so subject to setoff is less than the amount of such allowed claim. Such value shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property, and in conjunction with any hearing on such disposition or use or on a plan affecting such creditor's interest. *See* 11 U.S.C. § 506(a)

11.      Therefore, under § 506 MCP's secured claim amounts to the value of its collateral. *See*, *United Savings Assn. v. Timbers of Inwood Forest*, 484 U.S. 365, 372, (1988) ("The phrase, 'value of such creditor's interest' in § 506(a) means 'value of the collateral.'").  Accordingly, while MCP holds a claim in the amount of $980,489.68, its Collateral, and therefore Claim is only secured to the extent of the value of its collateral, which is $142,102.00, and in no event, greater than $154,358.00.

**CONCLUSION**

12.      **WHEREFORE**, the Debtor respectfully requests an order of the Court (a) determining the value of the personal property and MCP lien in the amount asserted in this Motion, (b) providing such other and further relief as is just.

4

Dated: July 22, 2024

Respectfully submitted,

AKERMAN LLP

  /s/ R. Adam Swick
R. Adam Swick, SBN: 24051794
500 West 5th Street, Suite 1210
Austin, Texas 78701
Telephone:  (737) 999-7103
Facsimile:   (512) 623-6701
adam.swick@akerman.com

ATTORNEYS FOR DEBTOR AND DEBTOR-IN-POSSESSION

## CERTIFICATE OF SERVICE

I hereby certify that on July 22, 2024, a true and correct copy of the foregoing document was served electronically via the Court's CM/ECF system and/or first class mail upon all effected parties and all parties requesting service, including the following:

| *United States Trustee* | *Subchapter V Trustee* |
|---|---|
| United States Trustee<br>903 San Jacinto Blvd., #230<br>Austin, TX 78701<br>Email: ustpregion07.au.ecf@usdoj.gov | Eric Terry<br>Eric Terry Law PLLC<br>3511 Broadway<br>San Antonio, TX 78209<br>Email: eric@ericterrylaw.com |
| Montgomery Capital Partners III, LP<br>c/o Scott Lawrence and Catherine Curtis<br>Wicks Phillips Gould & Martin LLP<br>3131 McKinney Ave., Suite 500<br>Dallas, TX 75204<br>Email: scott.lawrence@wicksphillips.com<br>        catherine.curtis@wicksphillips.com | |

  /s/ R. Adam Swick
  R. Adam Swick

5

77145906;4