IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| IN RE: § | |
| § | Case No. 24-10532-smr |
| P3 PURE LLC, § | |
| § | Chapter 7 |
| DEBTOR. § | |

**MONTGOMERY CAPITAL PARTNERS III, LP'S SECOND
MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

Montgomery Capital Partners III, LP ("MCP"), moves (the "Motion") for entry of an Order granting relief from the automatic stay to permit the foreclosure of substantially all the assets of P3 Pure, LLC (the "Debtor") at a UCC foreclosure sale.

**I.
JURISDICTION AND VENUE**

1. The United States Bankruptcy Court for the Western District of Texas has jurisdiction over this matter pursuant to 28 U.S.C § 1334. This matter is a core proceeding pursuant to 28 U.S.C § 157(b). This Court has constitutional authority to enter a final order regarding this matter.

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The basis for the relief requested herein is sections 105(a) and 362(d)(1) and 362(d)(2)(B) of the United States Code (the "Bankruptcy Code"), Rule 4001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 4001 of the Local Bankruptcy Rules for the Western District of Texas (the "Local Rules").

**II.
FACTUAL BACKGROUND**

4. On May 13, 2024 ("Petition Date"), the Debtor filed a voluntary petition under chapter 11 of Title 11 of the United States Code.

5. On November 3, 2020, Montgomery Capital Partners III, LP, as Lender acquired a security interest in and lien on substantially all the assets of P3 Pure, LLC ("Debtor") as security for indebtedness evidenced by certain promissory notes in the original principal amount of $900,000.00 (as has been amended from time to time, the "Loan and Security Agreement").

6. Along with the Loan, MCP acquired certain warrants, the Debtor provided MCP a separate security interest in its intellectual property, the Debtor entered into a management services agreement, and the Debtor's sole membership interest owner signed a personal guaranty. The Loan and Security Agreement has been amended from time to time, most recently on November 2, 2023 (the "Third Amendment"). The Third Amendment provided for, among other things, a payment schedule intended to provide the Debtor with some time and additional loan funds to support the rehabilitation of the business.

7. The Debtor was unable to comply with its payment obligations under the Third Amendment and last made the payment of $17,336.46 on January 12, 2024, that was due on December 31, 2023. The Debtor has made no further payments under the Third Amendment.

8. As of the Petition Date, the Debtor was indebted and liable to MCP in an aggregate principal amount not less than $973,371.53 consisting of the funds advanced under the Loan and Security Agreement, plus all interest accrued and accruing thereon, together with all costs, fees, expenses (including attorneys' fees and legal expense) and all other Liabilities (as defined in the Loan and Security Agreement) accrued, accruing or chargeable in respect thereof or in addition thereto whether arising prior to or after the Petition Date (collectively, the "Prepetition Obligations").

9. On July 10, 2024, the Court entered the *Final Order Authorizing Debtor to Use Cash Collateral* [ECF No. 81] ("Cash Collateral Order") wherein the Debtor stipulated to MCP's

liens and the secured claim amount of $980,489.68. In the Cash Collateral Order, the Debtor further agreed to pay MCP $1,750.00 every two weeks as additional adequate protection for the use of cash collateral, beginning in the week ending July 13, 2024 (the "MCP Adequate Protection Payments"). The Debtor is not current on adequate protection payments. MCP received the last adequate protection payment on September 27, 2024.

10. The Debtor's indebtedness owed to MCP as of November 5, 2024, is $1,105,870.37, which includes the loan's current balance in the amount of $1,027,458.36 as well as MCP's attorneys' fees in the amount of $78,412.01.

11. On September 30, 2024, the Debtor filed a motion to convert case from chapter 11 to chapter 7.

12. On October 28, 2024, the Court entered an order converting the case to a chapter 7 proceeding.

13. MCP filed proof of a secured claim totaling $1,000,000.00 in this case. The Debtor proposed a valuation of MCP's collateral at $142,102.00. Therefore, the Debtor has no equity in the property that is the collateral for MCP's secured claim.

14. Additionally, the Debtor is no longer providing adequate protection to MCP.

15. Lastly, because the Debtor has converted this case to a chapter 7 proceeding and is not currently operating, the property is not needed for an effective reorganization. There is nothing to reorganize in this case, and MCP should be allowed to proceed with its foreclosure.

### III.
### RELIEF REQUESTED

16. By this Motion, the MCP seeks entry of an order, pursuant to Bankruptcy Code sections 362(d)(1) and 362(d)(2)(B), modifying and terminating the automatic stay to permit MCP to exercise all of its rights and remedies under applicable law with respect to substantially all the

assets of the Debtor because the Debtor lacks any equity in the assets, the Debtor is unable to provide adequate protection for MCP's interest, and the assets are not necessary to an effective reorganization since the Debtor is closing down.

## IV.
## BASIS FOR RELIEF REQUESTED

17. When a petition for bankruptcy is filed, all non-bankruptcy proceedings are automatically stayed per section 362 of the Bankruptcy Code. *In re Coho Resources, Inc.*, 345 F.3d 338, 343-44 (5th Cir. 2003). MCP asks the Court to grant the Motion because the Debtor has failed to adequately protect the MCP's secured interest.

18. Bankruptcy Code section 362(d)(1) states that on request of a party in interest, the court shall grant relief from the stay by terminating, annulling, modifying, or conditioning the stay "for cause, including the lack of adequate protection" of the moving party's interest in property of the Debtor. Bankruptcy Code section 362(d)(2)(B) states that on request of a party in interest, the court shall grant relief from the stay by terminating, annulling, modifying, or conditioning the stay "if such property is not necessary to an effective reorganization."

19. This case was converted to a chapter 7 proceeding. As a result, MCP's collateral is not necessary for a reorganization, P3 is unable to provide any adequate protection, and MCP is entitled to an order modifying and terminating the automatic stay to permit MCP to exercise all of its rights and remedies under applicable law with respect to the Debtor's assets.

## CONCLUSION

WHEREFORE, Montgomery Capital Partners III, LP, requests entry of the attached proposed order granting the relief requested in the Motion and such other and further relief as the Court may deem appropriate.

Dated: November 11, 2024                    Respectfully submitted,

           */s/ Scott D. Lawrence*
Scott D. Lawrence, Tex. Bar No. 24087896
Catherine A. Curtis, Tex. Bar No. 24095708
Meghan D. Young, Tex. Bar No. 24138518
WICK PHILLIPS GOULD & MARTIN, LLP
3131 McKinney Avenue, Suite 500
Dallas, TX 75204
Phone: (214) 692-6200
Fax: (214) 692-6255
Email: scott.lawrence@wickphillips.com
       catherine.curtis@wickphillips.com
       meghan.young@wickphillips.com

**COUNSEL FOR MONTGOMERY CAPITAL PARTNERS III, LP**

### CERTIFICATE OF CONFERENCE

    The undersigned hereby certifies that, prior to filing, he conferred with the Trustee, Randolph N. Osherow, and he does not oppose this Motion for Relief from the Automatic Stay and further certifies that he conferred with counsel to the Debtor, who represented that the Debtor does not take a position with respect to this Motion for Relief from the Automatic Stay.

           */s/ Scott D. Lawrence*
           Scott D. Lawrence

## **CERTIFICATE OF SERVICE**

      I certify that on November 11, 2024, a true and correct copy of the foregoing document was served via the Court's CM/ECF system and/or email service where available on the parties listed below, and on the attached service list via U.S. Mail.

| | |
|---|---|
| Akerman LLP<br>Attn: Randall Adam Swick<br>500 W. 5th Street, Suite 1210<br>Austin, TX 78701<br>adam.swick@akerman.com<br><br>*Counsel for Debtor* | United States Trustee – AU12<br>ustpregion07.au.ecf@usdoj.gov<br><br>Randolph Osherow<br>rosherow@hotmail.com |

                                          */s/ Scott D. Lawrence*
                                          Scott D. Lawrence